CASE 15.—ACTION BY J. N. RAYMER AGAINST THE TRUSTEES OF WHITE SCHOOL DISTRICT NO. 18 TO ENFORCE A JUDGMENT OBTAINED IN THE QUARTERLY COURT FOR BUILDING A SCHOOL HOUSE.—December 14.

# Raymer v. White School District No. 18

Appeal from Edmonson Circuit Court.

JOHN M. GALLOWAY, Circuit Judge.

Judgment for defendant. Plaintiff appeals. Reversed.

School Districts—Building House—Quarterly Court Judgment— Conclusiveness — Lien — Enforcement — Levying Tax — R. obtained a default judgment in the quarterly court against a school district for a balance due him for building a school house therein under contract with the trustees, on which execution was issued, and returned no property found. He then filed suit in the circuit court, setting up his judgment, execution and return, alleging a lien on the school house, therefor which he asked to be enforced, or for possession, of the house, to which the circuit court sustained a demurrer. Held—That the judgment of the quarterly court, not having been appealed from, is conclusive as to any matter of defense which was or which should properly have been pleaded thereto, and, although the plaintiff has no lien on the house, or right to remove it, under his prayer for general relief, upon the facts stated, he is entitled to a judgment requiring the trustees to levy a tax to pay his claim.

MILTON CLARK, M. M. LOGAN and ORA E. HAZELIP for Appellant.

## AUTHORITIES CITED.

Grady v. Prewit, 23 Ky. Law Rep., 506; Grady v. Landrum, 23 Ky. Law Rep., 206; Trustees of Fordsville v. Postell, 28 Ky. Law

Rep., 37; Dean v. Cassidy, 11 Ky. Law Rep., 105; Daily v. Cain, 11 Ky. Law Rep., 936; Hoffman v. Hoffman, 5 Ky. Law Rep, 935.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON— Reversing.

In the year 1898 the trustees of White School District No. 18 of Edmonson county made a contract with J. N. Raymer to furnish the material and build a schoolhouse for the district, at the price of $325. He built the house in compliance with the contract, and they paid him thereon the following sums: $50.33, October 1, 1898; $50.50, June 3, 1899; $60.93, November 3, 1900; and $63.82, December 2, 1901. They refused to pay the balance of his debt, and on June 26, 1905, he instituted suit in the Edmonson quarterly court against the school district, and at the July term of that court obtained a judgment against the school district for the balance of his debt, with interest and costs. Execution was issued on the judgment, and returned "No property found." He then filed this suit in the Edmonson circuit court, alleging that he had a lien on the house and lot, and praying that the lien be enforced, or, if he was not entitled to that relief, that he be adjudged the possession of the house, and all proper relief. The circuit court sustained a demurrer to his petition and dismissed the action. From this judgment, he appeals.

The ruling of the circuit court seems to have been based upon the idea that the trustees in building the schoolhouse were proceeding under the statute authorizing them to make a levy to pay for it, without submitting to the people the creation of an indebtedness in excess of the revenues of that year. This would have been a good defense for the trustees in the original action which was brought against

them to recover the debt, and, when judgment went against them in the quarterly court, they might have taken an appeal from the judgment of that court and presented this matter to the circuit court on appeal. But when they did not do this, and allowed the judgment of the quarterly court to become final, it is a bar to any further litigation as to the justice of the claim against the district. In Hardwicke v. Young, 110 Ky., 504, 23 Ky. Law Rep., 1906, 62 S. W., 10, it was held that a judgment dismissing a suit to restrain the collection of school taxes, brought upon the ground that the plaintiff's property was not taxable in the district, was a bar to a subsequent action by the plaintiff to enjoin the collection of the same taxes on the ground that they were imposed in violation of the Constitution, as it was the duty of the plaintiff to present in one suit all matters touching the validity of the taxes sought to be enjoined. The principle settled in that case is conclusive here Whether the district was liable upon the contract with Raymer was a question necessarily involved in the suit in the quarterly court. Whatever defense the district had to the claim should have been presented them. If for any reason its defense was not made in the quarterly court, it might have appealed to the circuit court and there put in its defense, as on such appeals the case is to be tried de novo. But it was incumbent on the court to decide, when suit was brought upon the claim, whether it was a just claim against the district, and when the court entered a judgment in favor of the plaintiff against the district this was a conclusive determination that plaintiff's claim was just.

It is true that, under the Constitution, a district or municipality cannot create a liability in excess of the revenues provided for the year, and that the munici-

pality cannot afterwards assume the liability. But some court must decide whether the district became indebted beyond the revenue provided for the year, without the assent of two-thirds of the voters voting at an election held for that purpose; and when this question is once decided, whether· the decision is erroneous or not, it is binding, unless set aside in proper proceeding. An erroneous judgment may be reversed on appeal. A collusive judgment, or one obtained by fraud, may be opened upon petition. But, so long· as the judgment stands, it is conclusive as to every matter of defense which was pleaded in the action, or which should properly have been pleaded. The section of the Constitution referred to does not change the rule of res adjudicata. The district, when sued upon a claim against it, must make its defense as any other litigant, and, if it fails to do this, the judgment rendered against it is binding upon it so long as it remains in force, just as it would be against any other litigant. Were the rule otherwise, the district might, in the first suit, offer half of its evidence, and when sued on the judgment plead the same facts it had pleaded before and offer the evidence it failed to produce on the first trial. No judgment against it could be final, and its day in court would have no end upon such a construction of the Constitution. There must be an end of litigation. A party when sued on a debt must present all the defense to it he has, and he must in that action introduce all his proof. A litigant who has capacity to sue and be sued is bound by a judgment, although he may not have properly presented his defense, and public corporations are no exception to the rule.

We therefore conclude that the justice of Raymer's claim cannot be litigated in this action, so long as the judgment of the quarterly court remains in force.

He has no lien on the house, he has no right to remove the house from the lot; but upon the facts stated in the petition, under the prayer for general relief, he is entitled to a judgment requiring the trustees to levy a tax to pay the claim.

The judgment is reversed, and cause remanded for further proceedings consistent herewith.