## W. T. Congleton Co. v. City of Williamsburg.

(Decided March 23, 1934.)

STEPHENS & STEELY for appellant.

J. B. JOHNSON for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

A demurrer having been sustained to the petition of the plaintiff as amended and the plaintiff having declined to plead further, its petition was dismissed and it has appealed.

From the petition as amended and the exhibits filed with it, it appears that in 1928 the appellee, a city of the fifth class, contracted with the appellant to build a number of streets within the municipality on the ten-year bond plan, and at the cost of the abutting property owner; that the streets were built and accepted by the city and the apportionment made for their cost against the abutting property; that as to one of these streets an apportionment was made against a certain lot in the sum of $1,112.90; that the owners of the lot resisted the assessment on the ground that the lot was not worth the assessment; that the issue thus raised was tried and was finally adjudicated by the Court of Appeals in the case of Thompson v. City of Williamsburg, 229 Ky. 81, 16 S. W. (2d) 772, wherein it was adjudged that the lot could be assessed for the street only in the sum of $375; that after said judgment the owners of the lot paid into court the said $375, leaving unpaid on the apportionment the sum of $737.90, and for this amount the plaintiff sought judgment against the city itself.

We are informed in brief that the lower court rested its judgment on the opinion of this court in the case of Castle v. City of Louisa, 187 Ky. 397, 219 S. W. 439. In that case it was held that the issuance of bonds by the city of Louisa, a city of the fifth class, to improve certain streets of the city on the ten-year bond plan, which bonds were to be paid entirely by the apportionments against the abutting property owners, constituted no indebtedness of the city, and hence did not violate sections 157 and 158 of the Constitution, regulating the creation and incurring of debts by municipalities. It is argued that since it was said in that case that the bonds there involved constituted no part of the debt of the city of Louisa it necessarily follows that the appellee is not liable for the apportionment here in question. The conclusion by no means follows from the premise. The City of Louisa Case simply held that the bonded debt itself was not an indebtedness of the city of Louisa. That does not mean nor does it follow that the city of Louisa might not be liable for some apportionment that was made to pay those bonds. Indeed, the very statute under which the ten-year bond plan is authorized provides that where the city owns any property in front of which a street runs, it shall be liable for the apportionment just the same as other abutting property is liable. See section 3643-7, Kentucky Statutes. So while the city might not owe the bonded debt, it might owe for some apportionment which has been made to pay in part the bonded debt. The statutes governing cities of the fifth class at the time the ordinance here in question authorizing the work was passed, and the contract entered into, did not specifically provide that a city was to be liable for the difference between the apportionment and that which could lawfully be levied against abutting property. Nor was the amendment of 1928 to section 3643-7 of the Statutes (see Acts of 1928, chapter 98) then in effect. That amendment expressly provided that where an assessment for a street improvement exceeds one-half of the value of the lot upon which the assessment is made, it shall be void as to the excess, but the city council shall provide for the payment of any such excess by the city. The statutes in force at the time the contract here in question was made did provide that the city could pay for streets out of its general fund or apportion the cost against the abutting property owner to be paid in cash, or have the streets constructed

on the ten-year bond plan apportioning the cost against the abutting property. Sections 3643-3 to 3643-7, inclusive, Kentucky Statutes.

In the case of City of Louisville v. Nevin, 10 Bush, 549, 19 Am. Rep. 78, a street was constructed under an ordinance and contract authorizing the work to be done at the cost of the abutting property. The street ran by a cemetery against which the court held there could be no assessment for the street. For so much of the cost of the construction of the street as could not be levied against the cemetery, the court held the city liable. We said:

> "The city had complete authority to contract for the work but had no authority to make it a charge on the abutting property, and is therefore liable to the contractor for the price of his work."

To the same effect is City of Louisville v. Leatherman, 99 Ky. 213, 35 S. W. 625, 18 Ky. Law Rep. 124. In Craycraft, etc., v. Selvage, etc., 10 Bush, 696, the rule is thus stated:

> "When, by taking the proper steps, the General Council could have made the improvement at the cost of the owners of adjacent property, its power to improve the streets may be executed in that way, and the city can in no event be made liable unless it will have the right to proceed to make the property-holders liable; but if the nature or ownership of the adjacent property is such that no steps which could have been taken would have rendered it or its owner liable, then the city must pay for the improvement, or it will have as to such work no means of executing its general power to improve all streets."

If the city may be held liable where by no steps it could have taken could it have levied the apportionment against the abutting property, it should equally follow that it should be held liable where by no steps it could have taken could it have levied all the apportionment against the abutting property for such portion as it could not so levy, provided the city has the power, as here, to contract for the work. Otherwise, as pointed out in the Craycraft Case, a city might be powerless to construct a street because, forsooth, some small portion of it runs by property wholly or partially exempt. It would require a clear lack of authority to reach so an-

omalous a result. It follows that even without the amendment of 1928 to section 3643-7 of the Statutes, the city was liable for such apportionment as it could not levy on the abutting property. The demurrer to the petition as amended should therefore have been overruled.

Judgment reversed for proceedings consistent with this opinion.