## City of Catlettsburg et al. v. Fabric Fire Hose Co.

(Decided June 2, 1936.)

W. D. O'NEAL and JOHN E. McCALL for appellants.

JOHN T. DIEDERICH and RUSSELL BECKER for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

In 1931 the city of Catlettsburg purchased from the Fabric Fire Hose Company certain fire hose and other equipment for its fire department. The city failed to pay the debt, and the appellee brought an action in the Boyd circuit court to recover the amount alleged to be due it under the contract, and on November 20, 1934, obtained a judgment against the city for the sum of $1,250, with interest thereon from December 1, 1931, and for the further sum of $97.50, with interest thereon from December 18, 1931. Upon this judgment an execution was issued and returned no property found. Thereafter the appellee brought this action in which it asked for a mandatory injunction compelling the members of the board of council of the city of Catlettsburg to meet and levy a tax sufficient to pay the judgment. From the judgment granting the relief sought, this appeal is prosecuted.

The appellants insist (1) that the appellee's remedy, if it has one, is by a writ of mandamus and not by a mandatory injunction; (2) that no demand was first made upon the board of council to lay a special levy before the filing of its petition; and (3) that the additional levy, when added to the levy already made for general purposes, exceeded the rate of 75 cents on each $100 of property assessed for taxation purposes, and therefore is in contravention of section 157 of the Constitution, which limits the rate of taxation to 75 cents. These grounds were pleaded as defenses in the answer to which a demurrer was sustained.

The first two grounds relied upon by appellants were decided adversely to their contention in City of Catlettsburg v. Davis' Adm'r, 262 Ky. 726, 91 S. W. (2d) 56. In that case the administrator of W. J. Davis, deceased, recovered a judgment against the city for $5,502 in a tort action. An execution was issued upon the judgment, which was returned no property found. Thereafter the administrator brought an action in equity against the mayor and members of the

city council, similar in all respects to this action, and the city interposed the same defenses. It was held that public officers could be compelled to perform their ministerial duties by a mandatory injunction as well as by a writ of mandamus. It was also held that appellants' claim that no demand for payment had been made before the filing of the petition was without merit, since the record disclosed that an execution had been issued and returned no property found, and this was equivalent to a demand. That case is conclusive on these points. In the Davis Case it was also held that the circuit court properly ordered the board of council to levy a special tax to provide revenue for paying the appellee's judgment, although the full rate permitted by the Constitution had already been levied. The opinion followed the ruling in the case of Menar v. Sanders, 169 Ky. 285, 183 S. W. 949, 951, L. R. A. 1917 E, 422. The opinions in the Menar Case and the cases from other jurisdictions therein cited were rested on the ground that debt limitation provisions in a State Constitution do not apply to obligations sounding in tort. In Menar v. Sanders, it was said, in referring to the limitations contained in section 157 of the Constitution:

"The limitations contained in that section apply to indebtedness created or attempted to be incurred by a municipality by contract. They have no application where the liability incurred by the municipality is for a tort caused by or resulting from its own negligence. Such is the meaning we have repeatedly given this section."

The debt in the instant case was created by contract. The city cannot now, in view of the judgment that has been obtained against it, question the validity of the debt on the ground that it exceeded the revenue for the year in which it was incurred ,but to compel the city to levy a tax in excess of 75 cents on the $100 of taxable property in the city to pay a contractual debt would violate the plain provisions of section 157 of the Constitution. It is conceded that the city had made a levy of 75 cents, and that the revenue which this levy would produce had been appropriated for other purposes by the city before the judgment herein was entered.

In support of its contention that the board of council can be compelled to levy a tax in excess of the constitutional limit to pay a judgment debt, appellee relies upon the following cases: Hardwicke v. Young, 110 Ky. 504, 62 S. W. 10, 22 Ky. Law Rep 1906; Raymer v. Trustees of White School Dist. No. 18, 124 Ky. 96, 98 S. W. 323, 30 Ky. Law Rep. 332; Trustees of Common School Dist. No. 10 v. Miller, 105 S. W. 457, 32 Ky. Law Rep. 367. These cases involved debts against school districts, and merely decided that, after a judgment against the district became final, the invalidity of the debt could not be interposed as a defense in an action on the judgment. It is true that in two of these cases it was held that the plaintiff was entitled to a judgment requiring the trustees to levy a tax to pay the debt, but it does not appear that the additional tax exceeded the rate the trustees were permitted to levy during the year. Furthermore, the limitation on the rate of taxation fixed by section 157 of the Constitution does not apply to taxation for school purposes. The limitation on the rate of taxation fixed by this section cannot be avoided by permitting obligations to take the form of judgments. To do so would open the door to an evasion of the constitutional limitation. All taxes for contractual obligations, except for school purposes and for the payment of an indebtedness contracted before the adoption of the Constitution, are expressly brought within the limitation. The judgment in the instant case merely fixed the legal liability of the city for the debt, and the city is bound to pay it, but it is also bound to keep within the limitation fixed by the Constitution. The officials must deduct from sums they would like to expend for other purposes sufficient to keep the entire levy within the 75 cent rate. The original indebtedness was a claim against the general revenue funds of the city, and the fact that it has been reduced to judgment does not change the rule or authorize the city to levy a tax in excess of the rate prescribed by the Constitution. As was said in Menar v. Sanders, supra, the clearly expressed object of section 157 is

"not to shield municipal corporations from the liability imposed by law for wrongs occasioned by their negligence, but to protect them from their own improvident acts, and extravagance. In other words, the limitations contained in that section ap-

ply to indebtedness created or attempted to be incurred by the municipality by contract.''

In City of Frankfort v. Fuss, 235 Ky. 143, 29 S. W. (2d) 603, it was held that, while a valid floating indebtedness could be funded and transmuted into bonds payable over a period of years, yet the tax levy limit in section 157 includes the tax levied to pay the interest on and provide a sinking fund for such bonds.

We conclude, therefore, that the circuit court erred in directing the board of council to levy an additional tax to pay appellee's judgment. It should have ordered the board of council to include the judgment in its estimate of expenditures when the succeeding annual levy is made. So far as the record discloses, the debt is a just and valid one and should be paid. If it is inconvenient for the city to pay it out of the current levy, it and other valid floating indebtedness of the city should be funded as the law permits. Pace v. City of Paducah, 241 Ky. 568, 44 S. W. (2d) 574.

Wherefore, the judgment is reversed, with directions to overrule the demurrer to the defendants' answer.