## James C. Willson & Co. et al. v. City of Ravenna.

(Decided April 20, 1937.)

SHUMATE & SHUMATE for appellants.

JOHN W. WALKER for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

The board of council of the City of Ravenna, a city of the fifth class, adopted an ordinance in 1924 ordering the improvement of certain streets at the expense of the abutting property owners upon the 10-year payment plan provided for by section 3643-1 et seq., Kentucky Statutes. The work was completed in 1925. The infant children of Lloyd Winkler, who died before the improvement was made, owned a lot fronting on one of the improved streets, and the assessment against their lot amounted to $1,360.83. The assessment against a number of lots, including the Winkler lot, amounted to more than one-half of the value of the lots after the improvement was made, and the city became liable to the contractor for the excess, under sections 3643-1 to 3643-7, inclusive, of the Kentucky Statutes, then in force. The city entered into negotiations with lot owners, whose lots were worth less than double the amount of the assessments against them, to have the value of each of such lots determined in order that the amount of the city's liability might be fixed. Agreements were

entered into between the city and the various lot owners, fixing the value of the lots and the amounts for which the lot owners and the city were respectively liable. J. M. Webb, grandfather of the Winkler children, signed an agreement in their behalf, fixing the value of their lot at $2,000, accepting the 10-year payment plan and agreeing that bonds in the amount of $1,000, should be issued against the property. The board of council thereafter adopted an ordinance assuming the payment of the balance of $360.83 assessed against the property. It was ascertained later that J. M. Webb was not the guardian of the Winkler children, and was without authority to represent them. Improvement bonds dated August 24, 1925, in the total amount of $61,289.53, were issued by the city and delivered to the contractor, W. T. Congleton & Co. These bonds embraced the assessment of $1,000 against the lot owned by the Winkler children. W. T. Congleton & Co. sold the bonds to James C. Willson & Co. who, in turn, sold them to various investors, including the appellant William Reudeman. Several payments on the assessment were made by the owners, and, after the payments ceased, the appellants brought an action in the name of the City of Ravenna against the Winkler heirs to recover the balance of the assessment amounting to $554.36, with interest from July 1, 1932. The defendants in that action pleaded that the assessment exceeded one-half of the value of the lot, and that the agreement signed by J. M. Webb was not binding on them, as he was without authority to represent them. Proof was heard as to the value of the lot, and on May 24, 1934, the court adjudged that the city was entitled to a lien against the lot for $100, and the remainder of the claim was disallowed. The judgment, in effect, fixed the value of the lot on the date of the assessment at $1,091.28 instead of $2,000, the amount fixed in the agreement signed by J. M. Webb. On December 12, 1934, appellants brought this action against the City of Ravenna to recover the sum of $554.36, with interest from July 1, 1932, subject to a credit of $100, as of May 24, 1934, on the theory that the city was liable, under section 3643-7 of the Kentucky Statutes, for so much of the assessment as exceeded one-half of the value of the lot.

The city interposed a number of defenses. It alleged that the bonds sued upon were nonnegotiable, and the appellants were not holders in due course; that the

value of the Winkler property, for the purpose of fixing the amount of the assessment, was determined and adjudicated between the City of Ravenna and W. T. Congleton & Co. by an ordinance which was agreed to and ratified by W. T. Congleton & Co. by its acceptance of the amount of money set out in the ordinance; that the city had made a full settlement with Congleton & Co., and the plaintiffs were estopped to demand payment from any funds other than funds collected from abutting property owners; and that the plaintiffs' claim against the city should have been presented and litigated in the case of City of Ravenna against the Winkler heirs. The city also pleaded limitations, and also alleged that it had already levied its constitutional limit of taxes for necessary governmental expenses. The circuit court adjudged that the plaintiffs were not entitled to the relief sought by them and dismissed their petition.

The question of negotiability of the bonds sued upon is discussed at some length in the briefs, but it is unnecessary to consider this question, since we have concluded that the appellee's defenses dependent upon the nonnegotiability of the bonds cannot be sustained.

Where an assessment for a street improvement in a fifth class city exceeds one-half of the value of the lot upon which the assessment is made, the city is liable to the contractor for such excess, and this liability existed before the enactment of chapter 98 of the Acts of 1928, amending subsection 7 of section 3643 of the Statutes. W. T. Congleton Company v. City of Williamsburg, 253 Ky. 704, 70 S. W. (2d) 376. The ordinance adopted by the board of council of the City of Ravenna December 7, 1925, by which the city assumed the payment of $360.83 of the assessment against the Winkler lot, was not a determination of the value of the lot binding upon the contractor, and acceptance of the money by the contractor did not constitute a release of the city from further liability. The contractor, under its contract with the city, was entitled to $1,-360.83 for the improvement made in front of the Winkler property, and it was immaterial to it whether the assessment was paid by the property owner or by the city, or in what proportions the assessment was divided between them. In any event, it was entitled to payment in full. The city recognized that some of the

assessments exceeded one-half of the value of the lots and that it was liable for such excess, and it undertook to fix, by written agreement with the respective lot owners, the value of the lots and thus to ascertain the amount of its liability. The agreement fixing the value of the Winkler lot was not binding on the infant heirs, and the value of the lot was not fixed, and the extent of the city's liability determined until the judgment was entered in the action by the city against the Winkler heirs. If the agreement signed by J. M. Webb was a nullity as to the owners of the lot whom it purported to bind, it was a nullity as to all of the parties. There is no merit in the claim that the contractor's acceptance of the $360.83 from the city released the city from all liability. The money was accepted on the theory that the city had entered into a binding agreement with the owners of the lot fixing the liability of each, and if the agreement was void there was no consideration for such release, even if it be conceded that the contractor intended to make it. What we have heretofore said disposes of the question of limitations, since this action was brought within five years after the judgment was entered in the Estill circuit court fixing the value of the Winkler lot. That was when the amount of the city's liability was determined and the right of action against it accrued. The plea of res adjudicata cannot be sustained. The chief purpose of the action by the city against the Winkler heirs was to have the value of the lot determined. The appellants were indirectly interested in the outcome of that suit and caused it to be instituted in the name of the city, but they were not actual parties and no judgment could have been entered against the city in their favor.

The appellee also pleaded estoppel. The plea was based on the theory that W. T. Congleton & Co. accepted $360.83, in full settlement of its claim against the city, and the city has been misled to its injury by the conduct of the contractors and the appellants. The only conduct of which complaint is, or could be, made is the failure of the contractor and the appellants to assert their claim more promptly. As heretofore stated, the money paid by the city was accepted by the contractor on the theory that the city and the Winkler heirs had entered into a binding agreement. The failure to obtain a contract which was binding on the owners of the property was the city's fault and not the contrac-

tor's, and the city cannot now take advantage of its own mistake.

The city alleged in its answer that it had levied the constitutional limit of 75 cents on each $100 worth of taxable property for the year 1934, and that its necessary expenditures for governmental purposes exceeded its income and revenues for that year. It was evidently the purpose of the pleading to allege that the indebtedness was in excess of the income and revenues provided for the year, and therefore in violation of section 157 of the Constitution and void. The pleading is insufficient for the purpose intended, but it is unnecessary to point out the particulars in which it is deficient, since the revenues and expenditures for the year 1934 are not involved. The extent of the city's liability was determined during that year, but the indebtedness was created in 1925 and there is no claim that the debt was invalid when created. However, the appellee correctly assumes that it cannot be compelled to levy a tax in excess of the maximum rate permitted by the Constitution to pay a contractual debt, even though it has been reduced to judgment. In Perry County v. Kentucky River Coal Corp., 268 Ky. 78, 103 S. W. (2d) 689, decided March 26, 1937, it was said:

"Allowing debts to assume the form of a judgment will not authorize the levy of a tax in excess of the maximum rate permitted by the Constitution, and the right of the judgment creditor to compel the levy of a tax to pay his judgment must be exercised in subordination to the constitutional limitation on the tax rate."

See, also, City of Catlettsburg v. Fabric Fire Hose Co., 264 Ky. 594, 95 S. W. (2d) 285.

The judgment is reversed, with directions to enter a judgment in conformity herewith.