# Town of Mt. Vernon et al. v. General Electric Supply Corporation.

Jan. 30, 1942.

Fritz Krueger for appellants.

E. Shelby Wiggins and S. F. Bowman for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE PERRY—Affirming.

Appellant, Town of Mt. Vernon, a municipality of the sixth class, during the years 1938 and 1939 purchased of the appellee, General Electric Supply Corporation, certain articles of merchandise and electrical lighting equipment in the aggregate amount of some $1,745.25, which amount (by reason of certain installment payments made thereon by the town) was reduced on June 6, 1939, to the balance of $681.17, together with accrued interest on the account.

On August 10, 1939, the appellee supply corporation instituted in the Rockcastle circuit court an action against the Town of Mt. Vernon, alleging that the town was then indebted to it in the sum stated of $681.17, together with accrued interest, and seeking recovery of a

judgment against it for the amount of its debt with interest.

Thereafter, on August 20, 1940, by agreement of parties (plaintiff and defendant) a judgment was entered directing that the plaintiff recover from the town the amount of its debt sued for, subject to certain credits therein set out.

It appears by the pleadings, and is admitted, that soon following appellee's obtention of this judgment the town floated a bond issue for the purpose of paying off the town's then valid floating indebtedness and that payment of the obligation owing and sued for by appellee was not provided for in said bond issue, for the reason (appellant alleged) that at the time said debt was contracted with appellee, the town had expended and contracted liabilities to the full extent of the corporate indebtedness permitted it by Section 157 of the Constitution and was indebted in an amount equal to the income and revenue provided for that year.

Appellee, complaining of the town's failure to thus provide for payment of its judgment debt and its continued failure and refusal to pay same, on January 24, 1941, procured a writ of garnishment against the town and Bank of Mt. Vernon, its depository.

The bank filed answer to the writ, disclosing that at the time same was served on it, it was not indebted to the town and did not then have any of its money on deposit with it.

Thereupon, this present proceeding was instituted, seeking a writ of mandamus against the Town of Mt. Vernon, its board of trustees, clerk and treasurer, requiring forthwith payment of its said judgment and prayed that upon their failure to pay same, they be directed to levy a tax sufficient to take care of said judgment and costs and to pay said judgment from the tax so levied within sixty days from date of entrance of the order.

Defendants filed answer and response to plaintiff's petition and motion, setting out in substance the facts above alleged and further affirmatively pleaded that at the time plaintiff had garnisheed its depository bank, as disclosed by the latter's answer, the town had no money on deposit therewith and that at all times since said date

the revenues of the town had been wholly insufficient to meet the town's governmental expenses not withstanding that there was at that time being levied, and had been levied for each of the years since 1936, the maximum tax rate, namely 75c on the $100 valuation, provided by law on all property located in said town and the maximum poll tax of $1.50 on each voter.

For further answer and response they alleged that the tax collections from that time until after the 1st of January, 1942, would be wholly insufficient and inadequate to defray the town's necessary governmental expenses, but that defendants would and it was their intention to appropriate from the revenues of said town sufficient funds to discharge plaintiff's claim as soon as sufficient revenues were available therefor, without impairing the town's necessary governmental functions.

To this answer and response the learned trial court sustained a general demurrer. Upon the defendants' refusal to plead further, the court ordered that a writ of mandamus be adjudged to plaintiff, whereby the defendants were directed to pay the judgment recovered by plaintiff in the sum stated of $681.17, with accrued interest and costs, subject to the credits therein set out, "$100 to be paid to plaintiff * * * on January 1st, 1942, and $100 on the 1st of each succeeding month thereafter until all of the aforesaid sums are paid."

The court, however, did (as appears from its judgment) refuse to direct the defendants, as sought by plaintiff, to fix a higher rate of taxation than the maximum rate allowed it by the Constitution, which defendants alleged the town was then levying and had levied for several years, but that notwithstanding such levy made, the town's revenues collected therefrom were insufficient to defray its necessary governmental expenses.

Appellant, Town of Mt. Vernon, urges for reversal of this judgment that the court prejudicially erred (1) in sustaining plaintiff's demurrer to appellants' answer and response and (2) in entering its judgment requiring the defendants to pay appellee $100 on January 1, 1942, and on the first of each successive month until judgment was satisfied, regardless of whether such payments, directed unconditionally to be made from its income, might thereby so divert its revenues as to prevent the town from defraying its necessary governmental expenses.

Looking to the first of these objections, it may be noted that the Town of Mt. Vernon in the first action agreed to the entry of a judgment against it for the amount of its alleged debt owing plaintiff and having failed to set up or raise the question in that action that the debt, by reason of having been contracted by the town at a time when it had expended and contracted liabilities to the full extent of the corporate indebtedness permitted by Section 157 of the Constitution and when it was indebted in an amount equal to the revenue and income for that year, was invalid and uncollectible, it thereby waived such defense.

This exact question was presented in the case of Trustees of Common School District No. 10 v. Miller, 105 S. W. 457, 32 Ky. Law Rep. 367.

There the trustees of the common school district had executed to appellee two promissory notes for money borrowed by the trustees for the purpose of erecting or repairing a school building in the district. The trustees having failed to pay the notes, appellee instituted suit on them in the circuit court and recovered judgment by default. Upon this judgment execution was issued and a return of ''No property found.'' Thereafter appellee brought action for a writ of mandamus compelling the trustees to levy and collect a tax sufficient to pay the judgment, just as is the situation presented in the instant case.

From a judgment granting the relief sought, an appeal was prosecuted.

This court, in considering the question presented by appellants that the trustees, in executing the notes and creating the indebtedness, did so in violation of Section 157 of the Constitution and that the notes not only were uncollectible, but that the judgment rendered by default thereon was void, said:

''It is admitted that no election was held authorizing the indebtedness, and it may be conceded that it was in excess of the revenue that could be collected for the year in which the debt was made. But these questions should have been made in the action brought to obtain a judgment on the notes, and it is now too late to raise them.''

Therefore, in harmony with the rule announced in

the cited case, we think the trial court did not err in sustaining appellee's demurrer to the answer and response, wherein appellants attempted to plead in this mandamus proceeding such defense to the action it had failed to present in the earlier suit brought to get a judgment pronounced on the debt.

As to the second point urged, that the court's judgment as pronounced was improper, in ordering the trustees absolutely and unqualifiedly to pay appellee on January 1, 1942, and on the first of each successive month $100 out of its revenues until the debt was satisfied, it is our opinion that same is to be interpreted as unconditionally ordering the town to pay out of its revenues $100 upon the judgment in question, regardless of whether or not it results in preventing the town from meeting and defraying its necessary governmental expenses, which is improper, and to such extent the judgment should be corrected or modified, the rule being well and long established that a municipal corporation should provide for and maintain its necessary governmental functions before making other expenditures and that its duty of payment of other indebtedness owing by it is subordinate to its duty to first apply its income and revenues to the payment of its governmental expense.

As said in the case of City of Catlettsburg v. Fabric Fire Hose Co., 264 Ky. 594, 95 S. W. (2d) 285, 287:

> "The judgment in the instant case merely fixed the legal liability of the city for the debt, and the city is bound to pay it, but it is also bound to keep within the limitation fixed by the Constitution. The officials must deduct from sums they would like to expend for other purposes sufficient to keep the entire levy within the 75 cent rate. The original indebtedness was a claim against the general revenue funds of the city, and the fact that it has been reduced to judgment does not change the rule or authorize the city to levy a tax in excess of the rate prescribed by the Constitution. * * *
>
> "It (the circuit court) should have ordered the board of council to include the judgment in its estimate of expenditures when the succeeding annual levy is made." (Parenthesis ours.)

And further, as said in the case of Landrum v. In-

gram, County Judge, et al., 274 Ky. 736, 120 S. W. (2d) 393, 394:

"Until the claim is paid, the Fiscal Court can not, under the judgment here involved, validly pay any debts other than those for strictly governmental expenses."

Also, as said in Perry County v. Kentucky River Coal Corp., 268 Ky. 78, 103 S. W. (2d) 689, 691:

"Allowing debts to assume the form of a judgment will not authorize the levy of a tax in excess of the maximum rate permitted by the Constitution, and the right of the judgment creditor to compel the levy of a tax to pay his judgment must be exercised in subordination to the constitutional limitation on the tax rate."

Therefore, when guided by the well and long established rules above announced, it is our opinion that the judgment should be modified so as to make the directed payment of $100 a month to appellee until its debt is satisfied subordinate to the payment of the town's governmental expenses and the mandate will direct a modification of the judgment to conform to this opinion.

Judgment is modified and affirmed.