**RANKIN, County Judge, et al. v. CAYLOR.**

Court of Appeals of Kentucky.

Feb. 13, 1953.

W. C. Dabney, Monticello, for appellants.

J. M. Kennedy, Monticello, W. Russell Jones, Somerset, for appellee.

CULLEN, Commissioner.

Silas Caylor, holding a judgment against Wayne County in the amount of $670, brought a mandamus proceeding seeking to compel the fiscal court of the county to provide in its tax levy and budget for the payment of his judgment. In March 1952, judgment was entered in the mandamus proceeding directing the fiscal court to provide for the payment of the judgment by including one-half of the amount due in its 1952–1953 budget, and the other one-half in its 1953–1954 budget. However, the judgment recited that the claim of Caylor was inferior and subject to the necessary governmental expenses of the county. The fiscal court has appealed.

There is little merit in the contentions of the appellant, and we will dispose of them summarily, as follows:

1. It was not necessary for Caylor to allege in his petition, in the mandamus proceeding, that the county had funds on hand with which to pay his judgment, or that the county was not levying the maximum tax rate permitted by the Constitution. Inability to pay was a matter of defense to be asserted by the fiscal court.

2. The court did not err in failing to hear proof, because the record shows that no proof was offered.

3. The judgment conformed with the decision in Town of Mt. Vernon v. General Electric Supply Co., 289 Ky. 355, 158 S.W.2d 649, in directing that Caylor's claim be subordinated to necessary governmental expenses. The answer of the fiscal court, listing the annual expenses of the county, included several items clearly of a nongovernmental character, particularly the items of "Farm Bureau Salary," "Home Demonstrator's Salary," and "Health Department's Salary," totalling $3,000, the elimination of which would leave ample funds with which to pay Caylor's claim. We think it would have been proper for the court to have adjudged that these specific nongovernmental expenses, listed in the answer, were to be subordinated to Caylor's claim, but since the appellee does not complain of this omission there is no occasion for us to

direct that the judgment be modified in that respect. It will be the duty of the fiscal court in budgeting appellee's claim to give it precedence over any items of nongovernmental expense which it may include in its budget, including those expenses which we have indicated above.

4. The mere fact that nongovernmental expenses of a particular character have been paid for a long period of years does not entitle that character of expenses to priority in the future over a valid judgment debt against the county.

The judgment is affirmed.