## Livingston County, et al. v. Crossland, et al.

(Decided May 28, 1929.)

734

J. R. WELLS and CHARLES FERGUSON for appellants.

WILSON & WILSON for appellees.

OPINION OF THE COURT BY COMMISSIONER STANLEY—
Affirming.

After the conviction of Anna Laura Clemens of man-slaughter at the September term, 1927, of the Livingston circuit court (see Clemens v. Commonwealth, 224 Ky. 370, 6 S. W. (2d) 483), she filed a motion, supported by affidavit, that she be permitted to appeal from the judgment in forma pauperis. The motion was sustained, and the appellees, C. B. Crossland, Jr., special official stenographer, and L. A. Wilson, circuit clerk, were directed to make and furnish the defendant a transcript of the evidence and record in the case, and the fiscal court of Livingston county was ordered to pay them the statutory fees for those services. Transcripts were duly prepared and furnished the defendant, and at the December term, 1927, the appellee Crossland presented his fee bill for nine days' service in reporting the case, at $10 a day and for the transcript containing 148,400 words, at 30 cents per 100 words for both original and copy; the total amounting to $535.20. This was allowed by the court and the fiscal court was ordered to allow it and direct the sheriff to pay same "out of any funds into his hands belonging to said county."

At the April term, 1928, on motion of the appellee Crossland, a rule was issued against Livingston county, the fiscal court, and each member thereof, to show cause why they should not comply with the foregoing orders of the court and why they should not be punished for so refusing and failing to obey the order. A response was filed setting up in detail numerous grounds for having refused to pay the account, the most substantial of which are that the court was without jurisdiction and authority to order the payment of the fees; that it was the debt of the defendant Clemens, and the stenographer had not endeavored to collect his fees from her; that she was not a pauper, but had paid her attorneys liberal fees and borne other expenses of her trial; that the fees were excessive; and that Livingston county was in debt, and the whole of its revenues had been appropriated to the payment of other claims, and it had no funds available with which to pay this claim.

The response was held insufficient, and the rule was made absolute. The fiscal court was ordered to pay the claim forthwith. To all of the foregoing orders the

county attorney, in behalf of the county, excepted at the time, and they are before us on this appeal.

■ While the former circuit clerk is made a party to the appeal, he has never presented any bill for his services rendered under the first order mentioned above, and there is nothing before us relating to him. We may observe, however, that under the provision of section 884 of the Statutes and the cases construing it the circuit clerk is required to render the services in instances like this without compensation. Smith v. Sisters of Good Shepherd, 87 S. W. 1076, 27 Ky. Law Rep. 1170.

■ As to the official reporter, section 884 has been modified by later enactments. It does not appear upon whose request this case was reported, and it must be assumed to have been done under that part of section 4645a3, Ky. Stats., Supp. 1928, which provides that, if in the opinion of the presiding judge the testimony should be preserved, he shall direct the reporter to report the proceedings of the trial. This section further provides that on motion of either party to a proceeding the court shall cause a transcript of the shorthand notes to be made, which shall become a part of the record in the case.

The next section of the statute relates to fees and their payment, the material portion is as follows:

"The fees of said reporters appointed under the provisions of this act, when serving in criminal cases, shall be ten dollars ($10.00) per day for taking shorthand notes and twenty (20) cents per hundred words for the original transcript, thereof, which fees shall be paid, upon the order of the presiding judge of said court, by the county in which said circuit court is situated if the same is ordered by the court for the use of the Commonwealth's attorney; if the transcript of the notes of said reporter in any criminal case is ordered by the presiding judge upon the motion of the defendant or his counsel, the defendant shall be required to pay for the same if, in the opinion of the court, he is able to do so. If it shall appear that the defendant is not able to pay for such transcript, the court shall direct the same to be paid by the county, as heretofore provided."

The preceding section provides that for carbon copies of the transcript the stenographer shall be paid one-half the amount allowed for the original, to be paid for in the same manner. The court having determined

upon proper showing that the defendant in the prosecution was not financially able to pay for the transcript, he had no other discretion than to direct its payment by the county.

■ The reporter's per diem is treated differently from his fees for the transcript. It is not specifically provided in the statute that those fees shall be paid by the county if the defendant is not able to do so. It is provided, however, that: "The fees shall be paid upon the order of the presiding judge of said court by the county in which said circuit court is situated if the same is ordered by the court for the use of the Commonwealth's Attorney." There is, therefore, no direct provision as to who shall pay the per diem when the case is reported under direction of the judge without request from either party. It must be assumed that the Legislature had no intention of requiring the stenographer to render the services without payment under such circumstances and that it was the intention to have the county pay for those services when they have been rendered under a sua sponte order of the court.

A similar case was presented in Polsgrove v. Walker, 82 S. W. 980, 26 Ky. Law Rep. 938. The court allowed a stenographer's bill for reporting a criminal trial and the transcript of evidence, and the fiscal court of Franklin county was directed to pay it. The precise question as to liability for the stenographer's fees as well as other questions raised on this appeal were decided adversely to the county. Its liability for the per diem was recognized in that decision.

■ The appellant insists that it is not proper to enforce the payment of such claims by a rule for contempt, as he says it is but the enforcement of a judgment. This was not a judgment, strictly speaking, but a direct order of the court allowing and ordering the payment of a claim for fees of an officer of the court, the liability for which is fixed by statute. The method of procedure pursued in this case is similar to that followed in Polsgrove v. Walker, supra. The issuance of a rule to show cause why the order was not complied with was proper. Civil contempts are those quasi contempts which consist of failing to do something ordered by the court to be done for the benefit or advantage of another party. Adams v. Gardner, 176 Ky. 252, 195 S. W. 412. Failure without legal excuse on the part of an officer or another to comply with the orders of a court requiring the payment of

738

money is contempt (Oliver & Dixon v. Braswell, 193 Ky. 297, 235 S. W. 724), and a commitment for failure to obey such an order is not imprisonment for debt (Rudd v. Rudd, 184 Ky. 400, 214 S. W. 791).

■ As pointed out in the Walker case the statute does not require notice to the fiscal court of the contemplated allowance of a stenographer's claim. Assuming that it was not too late to present in the response to the rule for its nonpayment a defense to the allowance, it may be said that the reasons assigned in this case were not sufficient to relieve the county. (a) The charge that the bill presented was excessive is but the statement of a conclusion. (b) The court had determined at a previous term that the defendant was not financially able to pay for the transcript. But since under section 886 a defendant in a criminal prosecution is liable for court costs on conviction, the county may recover of this defendant if it can the amount paid by it. (c) The statutes expressly authorized the court to allow the claim and fixed the liability of the county therefor. (d) The poverty of the county cannot excuse its payment. Officers' fees and other governmental charges are recognized as preferred claims, which must be paid by the county before other expenditures which rest in the discretion of the fiscal court are made which might result in extending the debt of the county beyond the constitutional limitations. Nelson County Fiscal Court v. McCrocklin, 175 Ky. 199 194 S. W. 323.

The orders appealed from were proper, and the judgments are affirmed.