## Perry County et al. v. Kentucky River Coal Corporation et al.

(Decided March 26, 1937.)

D. B. WOOTON and D. G. BOLEYN for appellants.

P. T. WHEELER and J. E. JOHNSON, Jr., for appellees.

OPINION OF THE COURT BY JUDGE REES—Affirming.

The Kentucky River Coal Corporation, Grant Coal Company, and Abijah Coal Company brought this action against Perry County, the sheriff of Perry County, and the members of the Perry fiscal court to have declared illegal and void a special tax levy of 12½ cents on each $100 valuation of property subject to taxation in Perry County for the year 1935, and to set aside the sales of their respective properties which had been made by the sheriff under the alleged illegal levy.

The petition alleged that on April 4, 1935, the fiscal court of Perry County, after levying the maximum rate of taxation permitted by section 157 of the Kentucky Constitution, made an additional levy of 12½ cents on each $100 valuation in the county, for the purpose of discharging an indebtedness of approximately $12,000 owing to the commonwealth of Kentucky by the county. It further alleged that this additional levy was in contravention of section 157 of the Constitution and void. A demurrer to the petition was overruled, and the defendants filed an answer, and later an amended answer, in which they alleged affirmatively that the special levy of 12½ cents was made "for the purpose of paying off and discharging a debt created against Perry County by operation of law and which debt or indebtedness was by neglect and wrongfully not provided for and paid by previous fiscal courts of Perry County." It appears from the answer, as amended, that prior to August 29, 1924, the county had become indebted to the commonwealth in the sum of $4,032.19, with interest thereon, for the cost of maintaining and keeping various children sentenced to the house of reform by the Perry County juvenile court, and that the

commonwealth instituted an action against the county in the Franklin circuit court to recover the amount due. On October 1, 1927, a judgment was rendered in the Franklin circuit court for the amount claimed, and the Perry County fiscal court was ordered to issue to the commonwealth of Kentucky a warrant for the amount of the judgment. Thereupon, the fiscal court issued a warrant for $4,032.19, bearing interest from October 1, 1924, and a warrant for $12.80 without interest. The warrants were not paid, and on October 22, 1930, the commonwealth filed an action in the Franklin circuit court against the fiscal court of Perry County and the treasurer of the county, in which it asked for a judgment directing the treasurer to pay the warrants, with interest, out of funds in his hands, and if there were no funds in the county treasury, that the fiscal court be directed to levy a special tax upon all taxable property in Perry County for the purpose of paying the warrants. On April 26, 1933, it was adjudged that the warrants constituted a valid claim against Perry County, and the fiscal court was directed to levy a tax upon all property in Perry County subject to taxation for county purposes, for the purpose of raising a sum sufficient to pay the principal of the two warrants and the interest thereon. The fiscal court failed to comply with the judgment, and on July 18, 1934, a third suit was filed in the Franklin circuit court by the commonwealth of Kentucky against the fiscal court of Perry County. On October 20, 1934, a judgment was entered directing the fiscal court of Perry County to levy a tax sufficient to produce the sum of $6,893.60, the amount of the warrants with interest thereon. Subsequent to August 29, 1924, Perry County became indebted to the commonwealth of Kentucky in the further sum of $4,940.60, for the maintenance of children sentenced to the Kentucky house of reform from Perry County, and the special levy of 12½ cents was made for the purpose of discharging all of the indebtedness owing to the commonwealth of Kentucky by Perry County. A demurrer to the answer, as amended, was sustained, and, the defendants having refused to plead further, it was adjudged that the fiscal court of Perry County exceeded the constitutional limit of 50 cents on every $100 worth of taxable property by levying the additional 12½ cents on each $100, and that the levy to that extent was void, and the sales of plaintiffs' property, which had been made by the sheriff, were set aside. The defen-

dants have appealed, and seek a reversal of the judgment on the ground that the special levy of 12½ cents was made to discharge an indebtedness which was not contractual, but was created by operation of law and is therefore an indebtedness to which the limitations contained in section 157 of the Constitution do not apply.

Section 2095b-13a of the Kentucky Statutes provides that when any child over ten years of age and under sixteen years of age shall be sentenced to, and confined in, the house of reform, the expense of conveying such child to the house of reform shall be paid by the county from which sent, and the county shall pay for the maintenance of the child $100 annually, which shall be payable into the state treasury in monthly installments at the end of each month. Section 2095b-29 contains a similar provision in regard to any girl committed to the house of reform, except that the county shall pay for her maintenance the sum of $7 per month. Each act contains the provision that "it shall be the duty of the county judge of each county on the last day of each month, by written order, to direct the treasurer of the county, or the person acting as treasurer, to forward to the auditor of public accounts the amount due under the provisions of this act." The validity of these acts was upheld in Lang v. Com., 190 Ky. 29, 226 S. W. 379, and Tincher v. Com., 208 Ky. 661, 271 S. W. 1066.

The answer, as amended, does not disclose the amount of indebtedness incurred each year by the county for the maintenance of children in the houses of reform, but the annual charge was necessarily small since the total indebtedness accumulated over a long period of years. The appellants contend that section 157 of the Constitution, which provides that no county shall become indebted for any purpose to an amount exceeding in any year the income provided for such year, without the assent of two-thirds of the voters, only prohibits the incurring of contractual debts in excess of that amount and has no application to indebtedness imposed upon the county by operation of law. It is well-settled that the constitutional limitations upon municipal indebtedness and upon the amount of municipal taxation do not apply to obligations of the municipality sounding in tort. Menar v. Sanders, 169 Ky. 285, 183 S. W. 949, L. R. A. 1917E 422; City of Catlettsburg v. Davis' Adm'r, 262 Ky. 726, 91 S. W. (2d)

56. In Hopkins County v. St. Bernard Coal Co., 114 Ky. 153, 70 S. W. 289, 24 Ky. Law Rep. 942, it was held that the prohibition against becoming indebted to an amount exceeding in any year the income and revenue provided for such year refers to that class of debts which it is optional with the county to incur, and not to necessary governmental expenses which are compulsory obligations cast upon it by law. What was said in those cases has no application to the present case as will hereafter appear. The question as to whether or not the Legislature can impose upon a county, or other municipality, an obligation which will cause its indebtedness to exceed in any year the revenue for the year is not presented, since it does not appear from the pleadings that the revenue of the county for any year was exceeded during such year. The answer, as amended, alleged that the failure to pay the indebtedness was due to the negligence of previous fiscal courts.

It is conceded that the indebtedness is a valid claim against the county, but it is merely a floating indebtedness, part of which has been reduced to judgment. Allowing debts to assume the form of a judgment will not authorize the levy of a tax in excess of the maximum rate permitted by the Constitution, and the right of the judgment creditor to compel the levy of a tax to pay his judgment must be exercised in subordination to the constitutional limitation on the tax rate. In City of Catlettsburg v. Fabric Fire Hose Co., 264 Ky. 594, 95 S. W. (2d) 285, 287, a judgment creditor of the city sought by a mandatory injunction to compel the members of the board of council to meet and levy a tax sufficient to pay the judgment. The maximum rate of taxation permitted by section 157 of the Constitution had been levied, and the revenue which the levy would produce had been appropriated by the county for other purposes before the judgment was obtained. This court, after holding that the circuit court erred in directing the board of council to levy an additional tax to pay the judgment, said:

"It should have ordered the board of council to include the judgment in its estimate of expenditures when the succeeding annual levy is made. So far as the record discloses, the debt is a just and valid one and should be paid. If it is inconvenient for the city to pay it out of the current levy, it and

other valid floating indebtedness of the city should be funded as the law permits."

It is argued that the judgment of the Franklin circuit court ordered the fiscal court of Perry County to make a levy sufficient to pay the judgment, and that the judgment cannot be attacked in a collateral proceeding. The answer is that the judgment did not direct the fiscal court to make a levy in excess of the maximum rate permitted by the Constitution, and if it had so provided, it would have been void to that extent.

We think the circuit court properly sustained the demurrer to the answer, as amended, and that the judgment declaring the special levy of 12½ cents on the $100 of taxable property in Perry County invalid is correct.

The judgment is affirmed.