## Noble, Clerk of County Court, v. Combs.

(Decided May 17, 1938.)

[black redaction bars]

GRANNIS BACH and BACH & NOBLE for appellant.

HENRY L. SPENCER for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE STITES—
Reversing.

This is an appeal from a judgment of the Breathitt circuit court sitting in equity. Appellee, William Combs, is the jailer, and appellant, Cora M. Noble, is the clerk of the county court and of the fiscal court of Breathitt county. Appellee brought this suit for the purpose of obtaining a mandatory injunction to require appellant to issue a claim in his favor in the sum of $345 against the general fund of Breathitt county. It appears that the fiscal court entered an order in 1933 providing for the payment of $1,200 a year to the jailer to cover the expense of keeping the public square in good condition and to furnish lights and other necessities for doing this work. Under date of April 10, 1936, the fiscal court undertook to allow the sum of $345 "for additional expenses for running jail and courthouse for the year from April 1, 1935, to April 1, 1936." The claim was made payable out of the 1935 levy for general purposes.

Appellant filed an answer setting out various defenses, only one of which she relies on in this appeal. She asserts that the claim here made was not included in the county budget for the year 1935 or any other year and that the revenues for said year had all been expended. A demurrer was sustained to the answer, and, appellant declining to plead further, judgment was entered in accordance with the prayer of the petition, and this appeal followed.

It is provided by section 1851c-6 of the Kentucky Statutes, in part:

"The county budget as approved and adopted shall provide for all funds to be expended by the county from the current revenue for the fiscal year for which the budget is adopted and any appropriation or claim allowed by the fiscal court in excess of any budget fund shall be null and void and shall be construed as a violation of this Act by each member of the fiscal court so voting for said illegal appropriation or claim."

There can be no question as to the meaning of this provision of the statute. Any appropriation or claim allowed by the fiscal court in excess of any budget fund is null and void. The statute says so. If the allegations of the answer are true, then the claim here sought to be enforced has been allowed by the fiscal court in excess of the fund from which it is payable. Manifestly, therefore, the answer has stated a defense to the petition.

It is insisted, however, that the clerk is a mere ministerial officer and has no discretion to pass on the validity or invalidity of claims. Conceding arguendo that it is not the duty of the clerk to determine the validity of claims presented pursuant to an order of the fiscal court, we nevertheless are here confronted with a case where, under the statute, the order of the fiscal court allowing the claim is null and void. If it is void, then it is no order at all. Certainly, in such a situation a court of equity will not lend its extraordinary aid to a claimant to assist him in the enforcement of a void demand. The right to exercise common sense in the granting or refusing of injunctions is one of the fundamental prerogatives of a court of chancery. The defense here asserted, if established, destroys the entire basis of appellee's claim. No reason is apparent why the question should not be tried out when it is raised, without waiting for possible objections at some future time by some officer armed with more discretionary powers than the clerk. If the claim is a nullity, it will injure no one to determine the question now. Appellee is asking affirmative action by the court. He should show that he is entitled to it.

We conclude, therefore, that the chancellor erred in sustaining a demurrer to so much of the answer as relied upon the provisions of section 1851c-6.

Judgment reversed.