## Landrum v. Ingram, County Judge, et al.
(Decided Oct. 4, 1938.)

[black redaction bars]

BACH & NOBLE for appellant.

E. C. HYDEN and C. E. LINDON for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE STITES—Affirming.

Appellant, Mattie Landrum, was the official stenographer of the Wolfe Circuit Court, and, as such, performed services in taking and transcribing the testimony in various criminal cases during the years 1930, 1931, 1932 and 1933, under the direction of the Circuit Court. The Fiscal Court was directed to pay for these services and allowed her claim in the sum of two hundred and forty dollars for which county warrants were issued, but they have never been paid. She brought the present suit against the appellees, County Judge, County Treasurer, the Fiscal Court, and the Budget Commission of the county, asking for a writ of mandamus to compel these officials to make provision for the payment of her warrants, and to require the Budget Commission to include them in the county budget for the year 1937. She also asked that the court require a sufficient tax rate to be fixed in the budget to provide funds with which to pay her warrants. The appellees filed an answer to which the chancellor sustained a demurrer. They declined to plead further and judgment was thereupon entered for the appellant. The court, however, refused to direct the fixing of a higher tax rate than the limit provided in the Constitution, but directed that the Budget Commission and the Fiscal Court should provide in their 1937 budget and in subsequent budgets, if necessary, for the payment of necessary current governmental expenses, and for the payment of appellant's warrants and other warrants of equal dignity, and that any surplus revenues of the county after the payment of the current governmental expenses should be applied pro rata to the payment of appellant's warrants and other claims of like nature.

It is not disputed but that appellant's claim is valid and for a governmental expense. Livingston County v. Crossland, 229 Ky. 733, 17 S. W. (2d) 1018; Polsgrove v. Walker, 82 S. W. 979, 980, 26 Ky. Law Rep. 938. The only question argued here is whether or not she is entitled to a judgment compelling the Fiscal Court to levy a tax in excess of the fifty cent limitation fixed by sec-

tion 157 of the Constitution. It is urged by appellant that the county is using all of its revenue derived from a levy of the full constitutional rate, and that she will have great difficulty in collecting the amount of her judgment unless the county authorities are required to make a sufficient levy, even though such levy would result in increasing the tax rate beyond the constitutional limitation. The sole question for decision, therefore, is whether or not such a judgment may, with propriety, be entered.

Whatever may be said of appellant's claim as a governmental expenditure, insofar as it was entitled to priority of payment out of the revenues for the years when the various claims arose, it is obvious that her warrants are now merely evidence of a valid floating indebtedness existing against the county subordinate to current governmental expenditures. Until the claim is paid, the Fiscal Court can not, under the judgment here involved, validly pay any debts other than those for strictly governmental expenses. Thus limited we have no doubt that a levy up to the rate prescribed by the Constitution will yield a sufficient revenue to pay the claim of appellant and those of other persons similarly situated. At all events this is the limit of the relief to which she is entitled or which it is within the power of the court to grant. City of Catlettsburg v. Fabric Fire Hose Co., 264 Ky. 594, 95 S. W. (2d) 285; Perry County v. Kentucky River Coal Corp., 268 Ky. 78, 103 S. W. (2d) 689. In the latter case, after pointing out the distinction between debts created by contract and those arising from a tort, it was concluded that the obligation there involved was a mere floating indebtedness and we said [page 691]:

"Allowing debts to assume the form of a judgment will not authorize the levy of a tax in excess of the maximum rate permitted by the Constitution, and the right of the judgment creditor to compel the levy of a tax to pay his judgment must be exercised in subordination to the constitutional limitation on the tax rate."

So long as the fiscal court continues to levy the maximum rate permitted by section 157 of the Constitution and to confine its expenditures as required by the judgment below, appellant has no right to further relief.

Judgment affirmed.