## Duvall's Adm'x v. Elliott County et al.

(Decided Oct. 21, 1938.)

HANNAH, VANSANT & McKENZIE for appellant.

J. H. FERGUSON, County Attorney, and LITTLETON & JARVIS for appellees.

OPINION OF THE COURT BY MORRIS, COMMISSIONER— Reversing.

Appellant here was plaintiff below; appellees, defendants below, were the County of Elliott by its county judge, justices of the peace, constituting the fiscal court, and such officers as constituted the Budget Commission.

For her cause of action appellant, as administratrix of the estate of her deceased husband, James Duvall, alleges in substance that her husband died some time in the year 1937. He had served as jailer of Elliott County during the 1930-33 term, and the county in each of the named years, had failed to pay him his full compensation for services rendered, though both decedent and appellant had frequently since 1934, demanded payment of the indebtedness, or that the county provide means of paying.

It is then alleged that in March, 1936, in the circuit court, decedent obtained a judgment against Elliott County for $2,709.20, with interest from January 1, 1934, being that portion of his compensation remaining unpaid at the end of his term. She says that the judgment has never been satisfied. On July 8, 1938, she caused execution against the county on the judgment, which was returned "no property found." Her petition was filed July 9, 1938.

Appellant alleges that some of the members of the former fiscal court, and all the members of the former budget commission, were prejudiced against decedent, and favored creditors owning in a large part, non-preferred claims, and refused to provide for payment of her husband's claim, but after paying current expenses of the county, devoted the county's income to payment on such non-preferred claims. She also alleges that with the beginning of the fiscal year 1930, Elliott County had a floating debt of more than $40,000, which has increased from year to year, and now amounts to more

than $50,000, claims for which have been reduced to judgments in favor of various creditors, and all of which, save the one here sued on and one other, were for general county purposes.

In 1937 there was levied and collected by the county for the general fund, $7,973.19, and for the year 1938 there has been levied a tax of 50 cents per hundred on the value of the taxable property, $1.50 per capita on each assessable male inhabitant of the county. The assessable value of the property as of July 1, 1937, was $1,170,638, and the number of assessable inhabitants was 1480. It is further shown that the fixed expenses (governmental) for the year 1937 was $4,950, which sum it is estimated will be the same in the current fiscal year.

On these allegations as substantially recited, she sought mandamus against the defendants, members of the fiscal court, requiring them to assemble and "levy a tax, to provide for the payment of plaintiff's judgment set up herein, and that same be included in the budget for the present year."

To this petition defendants' demurrer was overruled, and all defendants joined in what is styled "answer and counterclaim." In the first paragraph they do not deny indebtedness evidenced by plaintiff's judgment, but do deny that judgments mentioned in petition were incurred for general purposes, but say that some were of equal "rank and variety" with hers and the other mentioned. They also plead lack of knowledge upon which to form or express belief as to the alleged prejudice of some of the former court or all of the budget commission against decedent, or their favoritism of other creditors, or that they paid the income of the county for current expenses, ignoring her claim. They also deny that the governmental expenses of the current year will not exceed $4,950.

In a second paragraph it is plead that after the levy of taxes for the year 1938, as set up in the petition, the budget commission prepared and presented to the budget commission of the State of Kentucky, a county budget in which was anticipated all revenue due and to be due Elliott County, from all sources, except the truck license refund due for said year. That the commission apportioned all of said anticipated revenue to various budget funds to be used to defray necessary and fixed

governmental expenses for the current fiscal year, which same was approved by the State Budget Commission, and adopted, approved and confirmed by the fiscal court, and so certified to the Budget Commission of Kentucky. Hence, it says all its revenue for the current year has been allocated to defray the fixed governmental expenses for the current year, and that it has no other available revenue for, or means of, paying plaintiff's claim.

In a third paragraph it is alleged that under proper orders of the fiscal court, the county had sold $16,000 of funding bonds of the county, and that as a part of the order of sale the county levied a fifteen cents tax, the proceeds of which were to constitute a fund for the payment of interest on, and retirement of the bonds. This levy was later set aside, but the action of the fiscal court in so doing is now before the circuit court for a test of the validity of the order.

It is then said that the bonds have been sold and delivered, hence are outstanding obligations of the county, and if the court should hold that the setting aside of the fifteen cents is valid, then and in that event, Elliott County would only have the right to levy to the extent of thirty-five cents on all taxable property.

To this answer plaintiff demurred, and the court taking up the cause on demurrer, overruled it, over plaintiff's exception. The plaintiff plead no further, and the cause being submitted for judgment the court dismissed the petition over objections, and the appeal here followed, the sole question being whether or not the answer presented a defense.

The validity of plaintiff's claim is not denied. It is not argued, nor could it well be, that it was one to be classed as necessary governmental expenses. It is to be classed now as a floating indebtedness reduced to judgment. Perry County v. Kentucky River Coal Corporation, 268 Ky. 78, 103 S. W. (2d) 689. In this state of case the county owes it to the creditor to adopt some legal means to pay this indebtedness.

As we read the pleadings, both of appellant and appellee, we do not find sufficient facts plead to permit us to determine whether or not a levy of tax sufficient to meet the obligation, could be legally made in the face of Section 157 of the Constitution. Neither pleads facts

to show, nor even a conclusion, that the levy of sufficient tax to pay appellant's claim, would or would not be violative of Section 157.

We held in the Perry County Case, supra, that allowing debts to assume the form of a judgment would not authorize the levy of a tax in excess of the maximum rate fixed by the Constitution, and the right of a judgment creditor to compel the levy of a tax to pay his claim, must be exercised in subordination to the constitutional limitation. In that case we cited as in point, City of Catlettsburg v. Fabric Fire Hose Company, 264 Ky. 594, 95 S. W. (2d) 285. The court adhered to that rule in the Perry County Case. We had before us recently, the appeal on Landrum v. Ingram et al., 274 Ky. 736, 120 S. W. (2d) 393, which was decided October 4, 1938.

In that case the appellant was the official stenographer of the Wolfe circuit court. Her claim involved services for several years and the fiscal court was directed to pay, but declined. She sued the county and budget commission, asking for a writ of mandamus to compel the defendants to make provision for the payment of her claim, and to require the Commission to include it in the budget for 1937. She also asked a levy of sufficient tax rate to provide funds for meeting her claim. Answer was filed but a demurrer was sustained, and the court refused a levy of sufficient tax, which in that case would have, as it appears, exceeded the Constitutional limitation. It did direct that the Budget Commission should provide in their 1937 and in subsequent budgets, if necessary for the payment of current governmental expenses, for the payment of appellant's warrants, and other warrants of equal dignity, and that any surplus revenues of the county, after the payment of current governmental expenses, should be applied pro rata to the payment of plaintiff's warrant and other claims of like nature. We said:

"It is not disputed but that appellant's claim is valid and for a governmental expense. Livingston County v. Crossland, 229 Ky. 733, 17 S. W. (2d) 1018; Polsgrove v. Walker, 82 S. W. 979, 980, 26 Ky. Law Rep. 938. The only question argued here is whether or not [appellant] is entitled to a judgment compelling the Fiscal Court to levy a tax in excess of the fifty cent limitation fixed by section

157 of the Constitution. It is urged by appellant that the county is using all of its revenue derived from a levy of the full constitutional rate, and that she will have great difficulty in collecting the amount of her judgment unless the county authorities are required to make a sufficient levy, even though such levy would result in increasing the tax rate beyond the constitutional limitation. The sole question for decision, therefore, is whether or not such a judgment may, with propriety, be entered.

"Whatever may be said of appellant's claim as a governmental expenditure, insofar as it was entitled to priority of payment out of the revenues for the years when the various claims arose, it is obvious that her warrants are now merely evidence of a valid floating indebtedness existing against the county subordinate to current governmental expenditures. Until [appellant's] claim is paid, the Fiscal Court cannot, under the judgment here involved, validly pay any debts other than those for strictly governmental expenses. Thus limited we have no doubt that a levy up to the rate prescribed by the Constitution will yield a sufficient revenue to pay the claim of appellant and those of other persons similarly situated. At all events this is the limit of the relief to which she is entitled or which it is within the power of the court to grant. City of Catlettsburg v. Fabric Fire Hose Company, 264 Ky. 594, 95 S. W. (2d) 285; Perry County v. Kentucky River Coal Corporation, 268 Ky. 78, 103 S. W. (2d) 689.''

As we read the pleadings, we are of the opinion that the petition was in such form, and of sufficient substance to entitle the appellant to relief, and that the answer did not wholly present defense, such as would preclude the appellant from obtaining some relief. It may be that the fiscal court could not approve the claim to be included in the budget for the present year (Noble v. Combs, 273 Ky. 578, 117 S. W. (2d) 579) but she was entitled to have the court grant such relief as may have appeared proper, and as indicated in the opinions cited supra.

Judgment reversed with directions to set aside the order dismissing appellant's petition, and for further proceedings consistent herewith.