## Clay County v. Sizemore.

May 2, 1939.

CHARLES C. SMITH and ROY W. HOUSE for appellant.

A. D. HALL for appellees.

OPINION OF THE COURT BY JUDGE REES—Dismissing appeal.

This suit was brought and prosecuted throughout under the Declaratory Judgment Act, Section 639a—1 et seq., Civil Code of Practice. Clay County brought the action for the purpose of having determined the validity of certain outstanding warrants of the county, in the aggregate amount of more than $72,000 and its right to fund them. Robert Sizemore, a resident and taxpayer of the county, was made a defendant, and was permitted to defend for and on behalf of all the taxpayers of the county. It was alleged that within five years prior to the filing of the petition, the fiscal court of Clay County had issued county warrants which were still outstanding in the sum of $72,433.80, and that most of the indebtedness represented by these warrants was created for necessary governmental purposes. The plaintiff filed with its petition a list of the warrants showing the amount of each warrant, the date issued, and the name of the person to whom and the purpose for which it was issued. The plaintiff asked for a declaration of the rights of the parties; that the court determine and adjudge what portion of the claims mentioned and described in the petition were valid; and that the plaintiff had a legal right to fund the valid portion of such floating indebtedness and to issue its bonds therefor and in lieu thereof. Special and general demurrers to the petition were overruled. Depositions of the county clerk, deputy county clerk, circuit court clerk, and county treasurer were taken in which the history of each warrant mentioned in the petition was traced. The petition was filed May 4, 1935, and the proof was taken during the summer of that year. On January 27, 1936, Lacy Abner and the Clay County Taxpayers League filed an intervening petition asking to be made parties and to be allowed to appear and defend the action. They also filed an answer and coun-

terclaim in which they alleged that during the years 1931, 1932, 1933 and 1934 the fiscal court of Clay County had levied upon the taxable property of the county the highest rate of taxation permitted by the Constitution of Kentucky, and that all of the taxes for each of said years, except a small amount, had been collected and had been squandered and dissipated in the payment of unlawful and illegal claims; that during each of said years the expenditures exceeded the revenue of the county more than $20,000; and that the claims enumerated in the list attached to the plaintiff's petition, purporting to represent salaries of the constitutional officers of the county and necessary governmental expenses of the county, were, in fact, claims allowed for illegal purposes and in excess of the legal claims to which such officers were entitled. Other serious charges were made concerning the conduct of the financial affairs of the county during the period of time when the floating indebtedness sought to be funded was created. A reply was filed by the county to the answer of the intervenors traversing its averments. On May 1, 1936, the intervenors moved the court to refer the action to the commissioner of the county to hear further proof. This motion was overruled, and on May 8, 1936, the court entered a judgment declaring that certain enumerated claims, amounting in the aggregate to $39,686.52, represented necessary governmental expenses and were valid and legal obligations of the county. It was further adjudged that the county had a legal right to fund that portion of its floating indebtedness and to issue its bonds therefor. It was adjudged that the remaining claims listed in plaintiff's petition were for permissive purposes only, and could not be funded. The court did not pass on their validity. The plaintiff prayed and was granted an appeal from that part of the judgment refusing to authorize it to fund the claims which the court declared represented expenditures for permissive purposes only, and the defendants prayed and were granted an appeal from that part of the judgment declaring certain claims valid and that the county had a legal right to fund same and issue its bonds therefor. Neither the plaintiff nor the defendants prosecuted an appeal within the time allowed by law. Nothing was done until April 5, 1938, when the plaintiff filed a transcript of the record in this court and asked that an appeal be granted. This was nearly two years after the judgment had been rendered in the circuit court.

Section 5 of the Declaratory Judgment Act, Section 639a—5, Civil Code of Practice, provides that any party aggrieved by a declaratory judgment rendered in the circuit court may, within sixty days after such judgment becomes final, take and prosecute an appeal to the Court of Appeals. This section concludes:

"Should the party aggrieved not take and perfect an appeal to the Court of Appeals, within the time above provided, the declaratory judgment, order or decree, shall become final, and no appeal or proceeding to modify or reverse shall thereafter be allowed."

We have held in a long line of decisions in construing this section that its provisions are jurisdictional and mandatory so far as this court is concerned, and that an appeal must be dismissed where the transcript is not filed in this court within sixty days after the rendition of the judgment in the circuit court unless the time be extended as provided in Section 5 of the Act. Moore v. Lee Court Realty Company, 240 Ky. 835, 43 S. W. (2d) 45; Ohio-Kentucky Coal Company v. Auxier, 239 Ky. 442, 39 S. W. (2d) 662; La Crosse v. City of Ludlow, 231 Ky. 625, 21 S. W. (2d) 1003; Johnson v. Johnson, 225 Ky. 681, 9 S. W. (2d) 1004; Murray Motor Company v. Overby, 217 Ky. 198, 289 S. W. 307.

As this court is without jurisdiction to consider the appeal, it is dismissed.