**WOODMEN OF THE WORLD v. CLAY COUNTY, KY.**

**GATES v. CLAY COUNTY, KY.**

**HAYES et al. v. ABNER et al.**

No. 233.

United States District Court
E. D. Kentucky.
May 21, 1943.

126

Wm. H. Crutcher, Jr., Louisville, Ky., for Catholic Order of Foresters et al.

Alfred Holman, Cincinnati, Ohio, for intervenors W. C. Thornburgh Co.

A. T. W. Manning, Manchester, Ky., for Clay County and Intervenors Burchell, Manning, Sizemore and Henson.

T. T. Burchell, County Attorney, Manchester, Ky., for Clay County, Ky.

Roy W. House, Manchester, Ky., for First National Bank.

Nichols, Wood, Marx & Ginter and Harry Kasfir, Cincinnati, Ohio, for Woodmen of the World.

FORD, Chief Judge.

The above styled causes, after being consolidated, were heard by the court and submitted for judgment. The Court being advised, adopts the following Findings of Fact and Conclusions of Law, offered by various creditors of the defendant Clay County holding funding bonds, unpaid warrants, judgments, and other evidences of outstanding indebtedness of Clay County:

Findings of Fact.

1. In each of the above styled causes the matter in controversy exceeds, exclusive of interest and cost, the sum or value of $3,000, and is between citizens of different states.

2. On or about September 10, 1928, the Fiscal Court of Clay County issued and sold negotiable road and bridge funding bonds of Clay County, Kentucky, in the aggregate amount of $75,000, numbered from 1 to 75 inclusive, of the denomination of $1,000 each, dated September 1, 1928, bearing interest at the rate of 5¾% per annum, payable semi-annually, and maturing serially, as follows: $5,000 on September 1, 1938, $10,000 on September 1, 1943, $20,000 on September 1, 1948, $20,000 on September 1, 1953, and $20,000 on September 1, 1958, all of which are outstanding and unpaid, and were, at the time of the filing of their joint amended petition herein on March 19, 1942, owned and held in due course and for value, by Women's Catholic Order of Foresters of Chicago, Illinois, Minnesota Mutual Life Insurance Company of St. Paul, Minnesota, Northwestern National Life Insurance Company of Minneapolis, Minnesota, Ancient Order of United Workmen of St. Paul, United Mutual Life Insurance Company of Indianapolis, Indiana, Leila Y. Post Montgomery and Stanley Gates.

3. On or about June 1, 1930, the Fiscal Court of Clay County issued and sold negotiable funding bonds of Clay County, Kentucky, in the aggregate amount of $36,000 numbered from 1 to 36 inclusive, of the denomination of $1,000 each, dated June 1,

1930, bearing interest at the rate of 6% per annum, payable semi-annually, maturing serially as follows: $5,000 on June 1st of each of the years 1943–1947 inclusive, $10,000 on June 1, 1949, and $11,000 on June 1, 1950, all of which are outstanding and unpaid and all of which on March 19, 1942, at the time of the filing of the joint amended petition herein, were owned and held in due course and for value by the plaintiff, Woodmen of the World.

4. There is no proof in the record showing that any of the items of indebtedness funded by the $75,000 bond issue of September 1928 were, at the time they were incurred, in excess of any constitutional or statutory limitation or otherwise illegal; and upon the face of each of the bonds so issued and sold appears the following certificate:

"This bond is one of a series of seventy-five (75) bonds, numbered consecutively from one to Seventy-five (1 to 75) inclusive, of like tenor, aggregating the sum of Seventy-Five Thousand ($75,000) Dollars, and is issued for the purpose of funding a like amount of indebtedness of Clay County heretofore legally contracted by the said County for the construction, equipment and maintenance of roads and bridges in the said County, and repair and improve certain of the public buildings therein and particularly pursuant with Sections 157, 158 and 159 of the Constitution of Kentucky and sections 1857, 1858 and 1859 of Carroll's Kentucky Statutes of 1922 providing for the issuance of Funding Bonds of this character, and in accordance with the proceedings duly had by the Fiscal Court of Clay County, Kentucky, for said purpose.

"It is hereby certified and recited that all acts, conditions and things required by the Constitution and laws of the Commonwealth of Kentucky to exist be done, to have happened or to be performed precedent to and in the issuance of this bond, exist, have been done, have happened and have been performed in regular form, time and manner as required by law; and that the total indebtedness of the said Clay County, Kentucky, including this bond and the series of which this is a part, does not exceed any limitations prescribed by the Constitution and the Statutes of Kentucky * * *."

5. The bond issue of 1930 in the amount of $36,000 is based upon a judgment of the Circuit Court of Clay County, rendered on May 28, 1930, in the case of First National Bank v. Clay County, then pending in said court and there is nothing to show that said judgment was not, in all respects, valid, binding and conclusive, and upon the face of each of the bonds of that issue appears the following certificate:

"This bond is issued by the Fiscal Court of said county pursuant to the provisions of the Constitution of the Commonwealth of Kentucky, Section 1857 etc., of Carroll's Kentucky Statutes, 1922, and all other laws hereunto applicable, and in conformity with an order of said Fiscal Court duly adopted for the purpose of funding a like amount of legal, valid and subsisting indebtedness of said county.

"And it is hereby certified and recited that all acts, conditions and things required by the law and the Constitution of the Commonwealth of Kentucky to be done precedent to and in the issue of this bond, and precedent to and in the incurring of the indebtedness hereby funded, were and have been properly done, happened and performed in regular and due form and as required by law; that the indebtedness hereby funded was a valid, subsisting and legal obligation of said county; that the total indebtedness of said county, including this bond, does not now and did not at the time of the incurring of the indebtedness hereby funded, including said indebtedness, exceed the constitutional or statutory limitations; * * *."

6. On February 5, 1937, the defendant T. J. Henson recovered a judgment in the Clay Circuit Court against Clay County for indebtedness of $6,818.54 owing him by Clay County on account of his services rendered to the County while performing his official duties as the duly elected and qualified jailer of the county, which judgment is, and at all times has remained in full force and effect and the balance due thereon, as of November 1, 1940, was the sum of $6,695.15, no part of which has been paid. For value received T. J. Henson duly assigned and transferred the judgment to

Bige Hensley and Hugh T. Baker, who are now the lawful holders and owners thereof.

7. During the years 1938–39–40 the defendant Fannie B. Sizemore was the duly elected, qualified and acting jailer of Clay County, and during her term of office as such, Clay County became indebted to her for her official services rendered in the performance of her duties as jailer of the county, and issued to her, County Warrant #784, for $847.35, with interest at 6% from the 29th day of June, 1938, which she assigned to Rogers & Swafford who are now the owners and holders of said warrant, and the further sum of $993.40, balance on the county's indebtedness to her for her official services as such jailer, no part of either has ever been paid.

This indebtedness of Clay County to Fannie B. Sizemore in these two amounts was a current governmental expense for the fiscal year 1938–39 and 1939–40 when a portion of the impounded funds was allocated by the Fiscal Court of the county from the general fund levy for said years.

■ 8. The Court takes judicial knowledge of the facts stated in the opinions of the Court of Appeals of Kentucky in Clay County v. Sizemore, 278 Ky. 120, 128 S.W.2d 556, and First National Bank of Manchester v. Hays, 288 Ky. 297, 156 S.W. 2d 121, to the effect that Clay County is further indebted to the First National Bank of Manchester, Russell Dyche, and other creditors holding county warrants which were issued for necessary governmental purposes.

9. The defendants, T. T. Burchell and A. T. W. Manning, are holders and owners of a warrant of Clay County for the sum of $3,927.67 issued by the Fiscal Court at its October Term 1941 in payment of a balance due for legal services rendered the county pursuant to employment as special attorneys for the county, no part of which has been paid.

10. In 1938 the Fiscal Court of Clay County, by its appropriate orders and resolutions, entered upon a plan to refinance the outstanding indebtedness of the county upon more favorable terms, and with that end in view it entered into certain contracts with The W. C. Thornburgh Company for the furtherance and consummation of the plan, and took appropriate steps to secure the approval of the State Local Finance Officer and County Debt Commission, and in order to meet the expenses incident to the re-financing plan and to put it in operation, the Fiscal Court of the county appropriated and paid into the hands of the State Local Finance Officer from the general funds of the county tax levy for the fiscal year 1938–1939, the sum of $2500, and from the general fund of the tax levy of the county for the fiscal year 1939–40 appropriated and budgeted the sum of $8193.53, which sum it caused to be deposited in a special account in the First National Bank of Manchester, Kentucky, designated as "Sinking Fund 300–E–3," and out of the tax levy of the county for general fund purposes for the fiscal year 1940–41, the further sum of $10,000 was appropriated and caused to be deposited in said bank in this special account. These deposits and appropriations, with any additional deposits made to that special account, constituted, and are the funds impounded by the order of this Court in this action, together with the $2500 in the hands of the State Local Finance Officer. The order of this court impounding said funds was made by the consent of·the county officials and various creditors then of record in these actions, and for the purpose of preserving said impounded funds pending the conclusion of the proposed re-financing plan, for which purpose the funds were accumulated and, so far as appears from the record, with the exception of several payments made to this court's official reporter, Harry G. Bright, upon orders made herein on account of costs incurred in preparing the record in this proceeding, the said funds now remain intact and undisturbed.

The proposed re-financing plan, however, has not been consummated, and the State Local Finance Officer never at any time made, entered or signed any order approving the issuance of refunding bonds by the Fiscal Court of Clay County in accordance with the proposed plan, or at all, and no such refunding bonds have, therefore, been lawfully issued, but in January, 1942, the

Fiscal Court of Clay County ordered the withdrawal of all proceedings pending before the State Local Finance Officer in reference to the proposed re-financing of the outstanding indebtedness of the county, and cancelling its contract with The W. C. Thornburgh Company, and countermanding the authority of that contract to further promote the project on behalf of the county, and so far as the record discloses, the county has made no further effort to re-finance its outstanding indebtedness.

### Conclusions of Law.

1. The Court has jurisdiction of the parties and the subject matter of these consolidated actions.

2. Current necessary governmental expenses are compulsory obligations of the county, and such obligations have priority of payment over all other obligations of the county. Duvall's Adm'x v. Elliott County, 275 Ky. 85, 120 S.W.2d 78.

The indebtedenss of Clay County to Fannie B. Sizemore in the sum of $993.40, with interest from June 18, 1940, and to Rogers & Swafford, assignees of said Fannie B. Sizemore for $847.35, with 6% interest from June 29, 1938, is a valid and subsisting obligation of Clay County, incurred for necessary governmental expenses for the fiscal years 1938–1939 and 40, and had priority of payment from the revenues of Clay County for said years when a portion of the impounded fund was allocated by the Fiscal Court, and its priority and preference of payment from the impounded fund must be recognized and this indebtedness paid in full from said funds impounded in this action. Duvall's Adm'x, v. Elliott County, 275 Ky. 85, 120 S.W.2d 78; Elliott County v. Duvall, 286 Ky. 841, 151 S.W.2d 1040.

3. The judgment of the Circuit Court of Clay County, of date February 5, 1937, in favor of T. J. Henson and assigned by him to Bige Hensley and Hugh T. Baker, is a valid and subsisting obligation of Clay County, Kentucky, in the amount of $6,695.15, with interest thereon at 6% per annum from November 1, 1940. This judgment represents an indebtedness of Clay County incurred for necessary governmental expenses during the fiscal years 1933–34, 1934–35, 1935–36, during which time said Henson was jailer of the county, and it is now a valid floating indebtedness reduced to judgment, and until this judgment is paid the Fiscal Court cannot validly pay any debts other than those for strictly governmental expenses, Landrum v. Ingram, 274 Ky. 736, 120 S.W.2d 393; City of Catlettsburg v. Fabric Fire Hose Co., 264 Ky. 594, 95 S.W.2d 285; Perry County v. Kentucky River Coal Corporation, 268 Ky. 78, 103 S.W.2d 689; Duvall's Adm'x, v. Elliott County, 275 Ky. 85, 120 S.W.2d 78; Elliott County v. Duvall, 286 Ky. 841, 151 S.W.2d 1040.

4. The claims of First National Bank of Manchester, Kentucky, assigned to, and now owned by W. W. Baker of Sioux Falls, South Dakota, amounting to the principal sum of $39,797.52 with accumulated interest of $19,849.73 as of April 1, 1943, making a total of $59,647.25 as of April 1, 1943, is a valid and subsisting indebtedness of Clay County for necessary governmental expenses when created, and is now a valid floating indebtedness of Clay County, for which said W. W. Baker is entitled to judgment in this action. Clay County v. Sizemore, 278 Ky. 120, 128 S.W.2d 556; First National Bank of Manchester v. Hays et al., 288 Ky. 297, 156 S.W.2d 121; Duvall's Adm'x v. Elliott County, supra; Elliott County v. Duvall, 286 Ky. 841, 151 S.W.2d 1040.

Russell C. Dyche and others holding similar claims for necessary governmental expenses when issued also have valid subsisting floating indebtedness against Clay County to the amount of their respective claims and accrued interest thereon. Elliott County v. Duvall, 286 Ky. 841, 151 S.W.2d 1040.

5. The Fiscal Court of Clay County had the power and authority to issue and sell the bonds aggregating the sum of $75,000, of date September 1, 1928, described in paragraph 2 of the Findings of Fact, and to certify to the facts set out on the face of them. The certificate so made raises an equitable estoppel against controverting the facts so certified and precludes the assertion of contrary facts as a defense to the

130

payment or validity thereof in the hands of holders in due course and for value.

The presently outstanding issue of Clay County, Kentucky, Road and Bridge Funding bonds dated September 1, 1928, aggregating $75,000, described in paragraph 2 of the Findings of Fact, together with all interest coupons attached thereto, are valid and subsisting obligations of Clay County, Kentucky, payable according to their terms and conditions. The holders thereof, respectively, are entitled to judgment for such bonds and interest coupons as the record shows, without dispute, are past due and unpaid.

6. The Fiscal Court of Clay County had the power and authority to issue and sell the bonds aggregating the sum of $36,000, of date June 1, 1930, described in paragraph 3 of the Findings of Fact, and to certify to the facts set out on the face of them. The certificate so made raises an equitable estoppel against controverting the facts so certified and precludes the assertion of contrary facts as a defense to the payment or validity thereof in the hands of holders in due course and for value.

The presently outstanding issue of negotiable funding bonds of Clay County, Kentucky, dated June 1, 1930, aggregating $36,000, described in paragraph 3 of the Findings of Fact, together with all interest coupons attached thereto, are valid and subsisting obligations of Clay County, Kentucky, payable according to their terms and conditions. The holder thereof is entitled to judgment for the amount due on interest coupons attached to the bonds which are shown by the record, without dispute, to be past due and unpaid.

7. The Fiscal Court has full power and authority to issue bonds of the county to refund valid floating indebtedness, as Clay County did when it issued and sold the $75,000 Funding 5¾% bonds, dated September 1, 1928; and the $36,000 Funding 6% bonds, dated June 1, 1930.

The effect of funding a debt by the issuance of bonds is not to increase or to liquidate the indebtedness, but "it merely changes the form of the existing debt." City of Frankfort v. Fuss, 235 Ky. 143, 147, 29 S.W.2d 603.

8. The claim of T. T. Burchell and A. T. W. Manning, described in clause 9 of the Findings of Fact, on the warrant of Clay County for $3,927.67 issued at its October 1941 Term of the Fiscal Court is a valid subsisting floating indebtedness of the county for non-governmental expense and said Burchell and Manning are entitled to judgment accordingly.

9. The motion of the defendants Clay County et al. to strike certain portions of the intervening petition herein, filed by The W. C. Thornburgh Company, should be sustained and the intervening petition should be dismissed for failure to state a claim upon which relief can be granted.

10. Judgment should be entered in conformity with these Findings of Fact and Conclusions of Law. The Court should retain control of this case so long as may be necessary to safeguard the interests of the parties and for the purpose of affording such further relief as may be necessary and appropriate.