NO. 07-03-0331-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 12, 2003

______________________________

IN RE BENJAMIN A. HASSLER, JR., RELATOR

_________________________________

Before QUINN and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION

Relator Benjamin A. Hassler, Jr. again seeks a writ of mandamus directing respondent the Honorable John T. Forbis, senior judge, to consider and rule on motions relator has filed with the district clerk of Carson County in a bill of review proceeding pending before Judge Forbis. We must deny relator’s petition.

Relator filed a petition for writ of mandamus in this court on March 10, 2003, seeking a writ of mandamus directing Judge Forbis to rule on his application for temporary restraining order in a bill of review proceeding seeking to correct an asserted error in a 1970 judgment of conviction for murder.  
See In re Hassler
, No. 07-03-0119-CV (Tex.App.–Amarillo 2003, orig. proceeding).  The basis of relator’s bill of review proceeding is that relator alleges the original judgment failed to give him credit for pretrial confinement.  We denied relator’s petition because, among other reasons, a bill of review is not the proper vehicle for asserting the denial of credit for pretrial incarceration.  
Id.
 at 3 (citing 
Jackson v. Johnson
, 69 S.W.3d 372 (Tex.App.–Texarkana 2002, pet. denied)). We also noted article 11.07 of the Code of Criminal Procedure sets out the exclusive procedure for post conviction challenges and declares any other proceeding void.  
Hassler
, slip op. at 4.

Relator’s petition again seeks to have us compel Judge Forbis to act on motions filed in the same bill of review proceeding.  However, relator has failed to present any authority showing the law has changed in the months since our previous opinion.  The reasons stated in our prior opinion require denial of relator’s petition.

Relator also again cites this court’s opinion in 
In re Christensen
, 39 S.W.3d 250 (Tex.App.--Amarillo 2000) (orig. proceeding), for the proposition that the acts of giving consideration to and ruling on motions properly filed and pending before a trial court are ministerial acts the performance of which, in a proper case, may be enforced by mandamus.
  As was the case with his previous petition, though, relator has failed to provide us with a record demonstrating either that the matters on which he seeks a ruling have been brought to Judge Forbis’s attention or that he has refused to take action on them. Moreover, relator’s current petition fails even to comply with the requirements of the appellate rules that he provide an appendix containing certified or sworn copies of the documents showing the matters of which he complains. Tex. R. App. Proc. 52.3(j).

 For all these reasons, we deny relator’s petition for writ of mandamus.

Per Curiamitle to determine the relief sought.  Surgitek, Bristol-Myers Corp. v. Able, 997 S.W.2d 598, 601 (Tex. 1999).  One of the objectives of a special exception is to point out a defect or insufficiency in a pleading.  
See
 Tex. R. Civ. P. 91.  Kelly plead the marital agreement was entered into under “fraud, duress, coercion . . . .”  Wayne responded, among other things, that Kelly failed to plead allowable defenses under section 4.105 of the Family Code and requested that the trial court strike them.  While both parties assert in their briefs that the trial court denied Wayne’s special exceptions, we conclude the legal effect of the trial court’s ruling in granting Wayne’s motion in limine and motion to strike was based on a misnomer of Wayne’s motions and, in essence, resulted in special exceptions to Kelly’s common law defenses being sustained.       

When special exceptions are sustained, a party whose pleadings are affected has an opportunity to amend as a matter of right or may refuse to amend, stand on the pleadings, and test the validity of the court’s ruling on appeal.  Slentz v. American Airlines, Inc. 817 S.W.2d 366, 369 (Tex.App.–Austin 1991, writ denied).  The trial court is clothed with broad discretion in ruling on special exceptions and its ruling will not be disturbed on appeal absent a showing of abuse of discretion.  
Id. 
at 368.
 
 An appellate court must assume that the allegations of the petition are true in determining the correctness of the trial court’s ruling sustaining special exceptions.  Fidelity & Casualty Co. v. Shubert, 646 S.W.2d 270, 278 (Tex.App.–Tyler 1983, writ ref’d n.r.e.).  

Following the trial court’s ruling, Kelly did not seek leave to amend her pleading nor does she complain on appeal that she was denied the opportunity to do so.  
See
 Amador v. Tan, 855 S.W.2d 131, 133 n.1 (Tex.App.--El Paso 1993, writ denied).  Rather she chose to proceed to trial which is consistent with standing on her pleadings.  
See
 In re H.D., Jr., 511 S.W.2d 615, 617-18 (Tex.Civ.App.–Amarillo 1974, no writ).  That being so, we conclude the trial court did not err in refusing to hear evidence on whether the marital agreement was entered into voluntarily.  

Finally, before an appellate court may reverse a judgment, an appellant must persuade the court that the error complained of amounted to such a denial of his rights as was reasonably calculated to cause and probably did cause the rendition of an improper judgment.  
See 
Tex. R. App. P. 44.1.  
See also
 In re Marriage of Scott, 117 S.W.2d 580, 584 (Tex.App.–Amarillo 2003, no pet.) (holding that demonstrating harm is “of import since the burden lay on [appellant] to establish on appeal that the purported error caused the rendition of an improper judgment”).  Kelly does not argue that error, if any, in striking her defenses caused the rendition of an improper judgment.  We overrule her sole contention. 

We have not overlooked Kelly’s reliance on Matelski v. Matelski, 840 S.W.2d 124, 128 (Tex.App.–Fort Worth 1992, no writ), in support of her argument that the voluntariness of entering into a marital agreement is subsumed by the same evidence as the common law defenses of fraud, duress, and coercion.  
Matelski
, however, predates section 4.105 of the Family Code which provides voluntariness and unconscionability as the exclusive remedies for challenging enforcement of a marital agreement.  Kelly did not cite, nor have we found, any post-1993 legal authority in support of her contention.  We decline to hold that the common law defenses of fraud, duress, and coercion were intended as a remedy to challenge a marital agreement under section 4.105. 

Accordingly, the judgment of the trial court is affirmed.

Per Curiam

Johnson, C.J., not participating.