NO. 07-03-0066-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

APRIL 5, 2005

_____


KELLY D. DICKSON, APPELLANT

V.

N. WAYNE DICKSON, APPELLEE

_____

FROM THE COUNTY COURT AT LAW NO. 4 OF MONTGOMERY COUNTY;

NO. 01-10-06330; HONORABLE MARY ANN TURNER, JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Appellant Kelly D. Dickson challenges the trial court's order enforcing a marital agreement between her and appellee N. Wayne Dickson. By a sole issue, she maintains the trial court erred in preventing her from presenting evidence on whether the marital

agreement was entered into voluntarily by granting Wayne's motion in limine and motion to strike her pleadings. She also contends the agreement was breached.[1] We affirm.

Kelly and Wayne were married in 1999. By his petition for divorce, Wayne alleged the parties had entered into a marital property agreement and sought enforcement thereunder. By her answer and counter-petition, Kelly alleged the agreement was entered into under "fraud, duress, coercion, and Petitioner failed to disclose all assets, failed to perform conditions precedent, and Petitioner breached the agreement and commingled funds."

In response to Kelly's pleading, by one document, Wayne filed a "Motion in Limine, Motion to Strike, and Special Exceptions" by which he contended, among other things, that the defenses raised by Kelly were common law defenses which were not allowable under section 4.105 of the Texas Family Code Annotated (Vernon 1998) to challenge enforcement of a marital agreement.[2] Following a hearing, the trial court granted the

---

[1]Kelly does not argue breach in her brief nor does she cite legal authority or reference the record in support thereof. Consequently, that portion of her issue is waived. *See* Tex. R. App. P. 38.1(h).

[2]Section 4.105(c) restricts the available remedies or defenses for challenging enforcement of a marital agreement executed after September 1, 1993, to voluntariness and unconscionability. Common law defenses can no longer be asserted. *See* In re Marriage of Smith, 115 S.W.3d 126, 131 n.1 (Tex.App.–Texarkana 2003, pet. denied).

motion in limine and motion to strike. Based on the court's ruling, the jury was released, the parties were granted a divorce, and the property was divided.[3]

By her sole issue, Kelly contends the trial court erred in preventing her from presenting evidence on whether the marital agreement was entered into voluntarily by granting Wayne's motion in limine and motion to strike her pleadings. We disagree.

We look to the substance of a motion and not its title to determine the relief sought. Surgitek, Bristol-Myers Corp. v. Able, 997 S.W.2d 598, 601 (Tex. 1999). One of the objectives of a special exception is to point out a defect or insufficiency in a pleading. *See* Tex. R. Civ. P. 91. Kelly plead the marital agreement was entered into under "fraud, duress, coercion . . . ." Wayne responded, among other things, that Kelly failed to plead allowable defenses under section 4.105 of the Family Code and requested that the trial court strike them. While both parties assert in their briefs that the trial court denied Wayne's special exceptions, we conclude the legal effect of the trial court's ruling in granting Wayne's motion in limine and motion to strike was based on a misnomer of Wayne's motions and, in essence, resulted in special exceptions to Kelly's common law defenses being sustained.

When special exceptions are sustained, a party whose pleadings are affected has an opportunity to amend as a matter of right or may refuse to amend, stand on the

---

[3]The marital agreement dated September 29, 2000, and the supplemental agreement dated September 10, 2001, are not included in the appellate record.

pleadings, and test the validity of the court's ruling on appeal. Slentz v. American Airlines, Inc. 817 S.W.2d 366, 369 (Tex.App.–Austin 1991, writ denied). The trial court is clothed with broad discretion in ruling on special exceptions and its ruling will not be disturbed on appeal absent a showing of abuse of discretion. *Id.* at 368. An appellate court must assume that the allegations of the petition are true in determining the correctness of the trial court's ruling sustaining special exceptions. Fidelity & Casualty Co. v. Shubert, 646 S.W.2d 270, 278 (Tex.App.–Tyler 1983, writ ref'd n.r.e.).

Following the trial court's ruling, Kelly did not seek leave to amend her pleading nor does she complain on appeal that she was denied the opportunity to do so. *See* Amador v. Tan, 855 S.W.2d 131, 133 n.1 (Tex.App.--El Paso 1993, writ denied). Rather she chose to proceed to trial which is consistent with standing on her pleadings. *See* In re H.D., Jr., 511 S.W.2d 615, 617-18 (Tex.Civ.App.–Amarillo 1974, no writ). That being so, we conclude the trial court did not err in refusing to hear evidence on whether the marital agreement was entered into voluntarily.

Finally, before an appellate court may reverse a judgment, an appellant must persuade the court that the error complained of amounted to such a denial of his rights as was reasonably calculated to cause and probably did cause the rendition of an improper judgment. *See* Tex. R. App. P. 44.1. *See also* In re Marriage of Scott, 117 S.W.2d 580, 584 (Tex.App.–Amarillo 2003, no pet.) (holding that demonstrating harm is "of import since the burden lay on [appellant] to establish on appeal that the purported error caused the

4

rendition of an improper judgment"). Kelly does not argue that error, if any, in striking her defenses caused the rendition of an improper judgment. We overrule her sole contention.

We have not overlooked Kelly's reliance on Matelski v. Matelski, 840 S.W.2d 124, 128 (Tex.App.–Fort Worth 1992, no writ), in support of her argument that the voluntariness of entering into a marital agreement is subsumed by the same evidence as the common law defenses of fraud, duress, and coercion. *Matelski*, however, predates section 4.105 of the Family Code which provides voluntariness and unconscionability as the exclusive remedies for challenging enforcement of a marital agreement. Kelly did not cite, nor have we found, any post-1993 legal authority in support of her contention. We decline to hold that the common law defenses of fraud, duress, and coercion were intended as a remedy to challenge a marital agreement under section 4.105.

Accordingly, the judgment of the trial court is affirmed.

Per Curiam

Johnson, C.J., not participating.